NEW-YORK,
May, 1833.

Benson
v.
Brown.

---

### BENSON *vs.* BROWN and others.

Where, in an account presented in a justice's court as part of the plaintiff's declaration, the defendants are described as belonging to a particular association, e. g. *The Pilot Line*, the plaintiff is not precluded from proving his account against the defendants as belonging to an association known by the name of *The Erie Canal Transportation Company*, notwithstanding the misdescription in the account of the name or style of the association.

ERROR from the Madison common pleas. In 1830 Benson sued Brown and 23 others in a justice's court, and declared in writing for work done and performed at their request, and attached to his declaration an account, which he called a *bill of particulars*, headed thus : " Nathan Brown and others, of the *Pilot Line Boats,* To Harry Benson, Dr." giving the items of his demand, consisting of blacksmith work done at various times between the 12th April and 27th October, *in the year* 1824. The defendants pleaded the general issue and several special pleas. The plaintiff had a verdict, and the defendants appealed to the Madison common pleas. On the trial in that

court, the plaintiff offered to prove that in the year 1824 the defendants were *partners* and members of an unincorporated association known by the name of *The Erie Canal Transportation Company*, and that the work for which payment was claimed was done for that association. The counsel for the defendants inquired of the plaintiff's witness whether the association was known by the name of *The Pilot Line* in the year 1824, and the witness answering that the name of *The Pilot Line* was not assumed until 1825, the counsel for the defendants objected that as the *bill of particulars* was headed, "Nathan Brown and others of the Pilot Line Boats," it was not competent to the plaintiff to prove work done for "The Erie Canal Transportation Company." The court sustained the objection and nonsuited the plaintiff, who sued out a writ of error.

*J. A. Spencer,* for the plaintiff in error.

*M. T. Reynolds,* for the defendants in error.

*By the Court,* SUTHERLAND, J. All the charges in the bill of particulars were for work, labor and services in 1824, before the company changed its name ; specific dates were given for the items, and they were all in that year. It appeared therefore, on the face of the bill, that the association, as it existed in 1824, was intended to be charged, and the misdescription of the name or style of the association at the head of the bill could not have misled or deceived the defendants. This was a mere voluntary association, not an incorporated company ; they were sued as partners, and the bill of particulars was a bill in that cause—a bill against the individuals sued. It was not necessary that the bill should have any caption at all ; it is no part of it, and may be entirely rejected. The judgment below must be reversed.

Judgment reversed.