CLINTON GENERAL TERM, July, 1850.   *Paige, Willard,*
*Hand, and Cady,* Justices.

FORT and wife *vs.* GOODING and others, Ex'rs of Gooding.

A promise, by a father, to his daughter, to pay her a certain sum per week, for
labor thereafter to be performed by her for him, is not void because of the
infancy of the daughter, at the time of making the agreement.

Even though such an agreement were void because made with an infant, yet
in an action by the daughter to recover for the value of her services, evi-
dence of the agreement would be admissible, upon the question of damages,
as showing the value put upon her services by the father.

Evidence of the special agreement is admissible in such action, although the
plaintiffs, in their reply, claim to recover upon an implied agreement only.
Such an objection for a variance between the pleadings and the evidence is
provided for by the 169th and 170th sections of the code of procedure.

Such objection is also answered by the rule that when work and labor is done
under a special agreement, and the agreement is performed, and nothing
remains to be done but the payment of the money, the party entitled to
compensation may recover under the common counts.

The section of the code authorizing a defendant to be examined as a witness
on behalf of his co-defendants, does not apply to a case where a defendant
can not give any evidence but that which of necessity must operate in his
own favor as well as in favor of his co-defendants.

Accordingly held that in an action against several executors, one of the de-
fendants could not be a witness for his co-defendants.

In such a case all the defendants only represent the testator.   No one of them
is liable to the plaintiffs unless all are; and no evidence can be given in the
cause which can operate for or against one of them and not the others.  *Per*
CADY, J.

Where a will contains an express direction for the payment of all the testator's
debts, this rebuts the presumption that a legacy, given to a creditor by the
same will, was intended to be in payment of the debt.

Nor does that presumption arise where the legacy bequeathed is not equally
as beneficial to the legatee, as the debt, either as to the time of payment,
or in the amount.

THIS was an action brought by the plaintiffs to recover for
services performed for the testator of the defendants by the
plaintiff's wife, before coverture.   The plaintiff's account, duly
verified, was presented to the defendants on the 14th of Novem-
ber, 1848, and was by them rejected as "unjust and not due."

Fort *v.* Gooding.

The suit was commenced on the 13th of December, 1848. The defendants did not advertise for the creditors of the testator to exhibit their claims, as they might have done, under the statute. (2 *R. S.* 88, § 34.) The plaintiff's wife was a daughter of the testator, and her claim, as set up in the complaint, was for services from the 1st of July, 1832, to the year 1840, and the amount claimed was $750, and interest from the 1st of April, 1846. It appeared that the testator died in May, 1846. The cause was referred by consent to a sole referee, who, in July, 1849, reported in favor of the plaintiff for $592,28; and the defendants moved to set the report aside.

*C. L. Allen*, for the motion.

*E. D. Culver*, contra.

*By the Court*, CADY, J. The plaintiffs in this action seek to recover from the defendants as executors and executrix of David Gooding deceased, a compensation for the services of the plaintiff Caroline, rendered by her when sole, for her father the testator, and at his request, commencing in the year 1832 and continued into the year 1840.

The defendants David C. Gooding and Peter W. Gooding put in a separate answer; the defendants Mathew Gooding and Cyrus Gooding also put in a separate answer; and the defendant Mehetabel Gooding, the executrix, put in a separate answer.

Although the defendants thus severed in their answers, each has the benefit of the other's answer, for they all represent the testator, and the plaintiffs must succeed against all the defendants or none of them. By taking the complaint and all the answers and replies into consideration, the following questions of fact were raised, and must be answered.

1. Did the plaintiff Caroline, while sole, from about the 1st of July, 1832, up to and including a part of the year 1840, perform any services for the testator and at his request, and were such services worth two dollars per week, or any other sum over and above what she received therefor?

2. Did the testator at any time within six years next before his death promise as is alledged in the complaint?

3. Did the cause of action accrue at any time within six years next before the commencement of the action, or within seven years and six months next before the commencement of the action?

4. Did the plaintiffs, or either of them, ever present to the defendants or to either of them any bill for the said services, or make any claim therefor?

5. Was the plaintiff Caroline, while she lived with the testator, and performed the services for which a compensation is claimed, provided for or supported by him, otherwise than as hired girls usually are—and was such support a compensation for her services?

6. Did David Gooding, in his lifetime, and in March, 1845 or 1846, or at any other time, agree to pay the plaintiff Caroline for her labor, and has such payment ever been demanded?

7. Did the plaintiff Caroline perform the services rendered by her, voluntarily, without any contract for payment, and with no expectation of receiving for such services and labor any other compensation than what a child usually receives from its parent, to wit, clothing, education and maintenance?

No question of law was presented by the pleadings, and the finding of the referee as to the questions of fact is as conclusive as would be a verdict. To warrant a court in setting aside a verdict, it must be manifestly against the weight of evidence. In this cause the fact that the plaintiff Caroline worked for the testator for about eight years after she was of age, was not disputed on the hearing. It was proved that the testator had repeatedly declared that her services were worth two dollars per week, and that he would pay her; and these promises to pay were repeated from time to time by the testator, until a very short time before his death, in 1846. The plaintiff's case was in the first instance most satisfactorily made out, and the inquiry is, was the evidence on the part of the defendants such as will authorize this court to say that the referee erred in not disregarding the case made on the part of the plaintiffs and reporting in favor of the defendants.

The evidence introduced on the part of the defendants consisted principally of the declarations of Isaac Fort, one of the plaintiffs. On one occasion in the year 1843–44, he said he and the testator had settled all their affairs. It was in evidence that the testator and the plaintiff Isaac Fort had some difficulty between themselves, not in relation to the claim of the plaintiff Caroline; and whether when the plaintiff, Isaac Fort, in 1843–1844, said he and the testator had settled all their affairs, he referred to the claim for the services of his wife, was a question for the referee to decide. The testator repeatedly after 1843–1844, declared that he had not paid Caroline for her services, and he knew better than any one else whether he had or had not paid her.

John L. Barran, on the part of the defendants, testified as follows: " I guess I asked him (Isaac Fort) if Gooding was owing him any thing ; he said he had settled with the old man, and *they* had paid her to her satisfaction as I understood. He had a claim against him for her work—I understood it, that was what was settled for. He said his wife had worked for the old man two years after her marriage." If the referee was bound to give full credit to the guesses and understandings of this witness, the court can not say that he erred if he understood the admissions made by the plaintiff as confined to the claim which he had for the services performed by his wife for the testator, after her marriage. It was proved that the plaintiff Isaac Fort had said that he did not believe the testator owed ten dollars in the world. The testator on his death-bed knew whether he did or did not owe the plaintiff Caroline, and he said that he did owe her, and the defendants have not in their answer to the complaint, alledged that he or they ever paid her a dollar on account of her services for the testator before her marriage, except by clothing, education and maintenance ; and it has not been pretended that she has in that way been paid, since her marriage, for the services performed before that event. Ebenezer Russell proved that he heard the plaintiff Isaac Fort say that " they had no claim against the estate whatever, except what the old man had given her in his will." It was for the referee to decide upon the credibility of the witnesses examined by him, and where the

declarations of the testator and those of the plaintiff Isaac Fort conflicted with each other it was for the referee to determine to which he would give credit, and his determination ought not to be disturbed. As to the questions of fact in the cause the report of the referee ought to be confirmed.

What questions of law were raised before the referee and were disposed of by him?

The defendants insist that the referee erred in allowing the plaintiffs to prove a special contract between the testator and his daughter Caroline in relation to her work for him, first, because she was an infant when the contract was made.

In the case of *Shute* v. *Dorr*, (5 *Wend.* 206,) Justice Sutherland said, " A parent may relinquish his right, and authorize his child to labor for himself and receive and appropriate to his own use whatever he may earn, and a special contract with a third person, authorizing him to employ and pay the child, will bind the parent." The father, without any consideration as between him and his child, can manumit his child; and in the case of *Burlingame* v. *Burlingame*, (7 *Cow.* 93,) Woodworth, J. said, parents are entitled to the earnings of their infant children. " But they may transfer this right, or authorize those who employ their children to pay them, and the payment will be a discharge against the parents." In the case of *Grangiac* v. *Arden*, (10 *John.* 293,) a gift by a father to his infant daughter was held valid. In this case the testator promised to pay his daughter two dollars per week for her labor thereafter to be performed, and she continued to labor for him for more than ten years, and he ever afterwards recognized his obligation to pay her. The referee, however, did not allow any thing for the labor performed while the daughter was an infant, and as there was no exception on that account made by the plaintiffs, it is not necessary to determine whether the plaintiffs were entitled to recover for those services or not.

At the time that agreement was made by the testator with the plaintiff Caroline, there was no agreement how long she should labor for him. And if the agreement had been that she should labor for him ten years, it would have been void, unless

Fort v. Gooding.

in writing; and yet evidence of the special agreement would have been proper, for the purpose of showing the value of her services as estimated by the testator. And if the special agreement in this case was void because made by the testator with his infant daughter, yet evidence of the agreement was admissible upon the question of damages.

Another objection made to the admission of evidence of the special agreement is, that the plaintiffs in their reply claim to recover upon an implied agreement only.

This objection is for a variance between the pleadings and the evidence—and seems to be provided for by the 169th and 170th sections of the code of procedure. It was not pretended before the referee, nor has it been before this court, that the defendants have been misled by the variance, to their prejudice, in maintaining their defense upon the merits.

And the objection might also be answered by the rule that when work and labor is performed under a special agreement, and the agreement is performed and nothing remains to be done but the payment of the money, the party entitled to compensation is entitled to recover under the common counts, (*Feeter* v. *Heath,* 11 *Wend.* 477.) "When the terms of a special agreement are performed, a *duty* is raised for which a general indebitatus assumpsit will lie." (4 *Cowen,* 566. *Jewell* v. *Schroeppel,* 10 *Mass.* 287.)

On the hearing before the referee the defendants offered one of the defendants, the executrix, as a witness for her co-defendants. The referee refused to permit her to be examined as a witness, and in this it is alledged that the referee erred. It is insisted that she was by section 397 of the code a competent witness. Although that section of the code authorizes a defendant to be examined on behalf of his co-defendant, it is thereby enacted that "the examination thus taken shall not be used on behalf of the party examined." In this case all the defendants only represent the testator; no one of them is liable to the plaintiffs unless all are, and no evidence can be given in the cause which can operate for or against one of them and not the others. The code can not apply to a case where a co-defendant can not

Fort *v.* Gooding.

give any evidence but that which of necessity must operate in his own favor as well as in favor of his co-defendants. I am therefore of opinion that the referee rightfully refused to permit the executrix, who is one of the defendants, to be sworn as a witness in the cause.

It is insisted that the report was contrary to law, because there was no proof of any contract. Enough has been said to show that the report can not be set aside as being against evidence.

It is claimed on the part of the defendants, that the referee erred in not regarding the testimony of Mary J. Ross as conclusive evidence that the testator had paid the plaintiff Caroline all that was due to her, in the year 1837. The referee was to judge of the degree of credit due to the testimony of Mrs. Ross; and if she proved that the plaintiff Caroline said she and her father had settled, she may have intended no more than that they had ascertained the balance due to her. The words " to settle" do not necessarily mean " *to pay*." They may mean " to adjust," " to liquidate." Another answer is, the defendants had not in their answer alledged payment, and under the code there is no general issue under which payment may be given in evidence.

It is also insisted that the legacy to the plaintiff Caroline is to be presumed to be in payment of all liabilities of the testator to her. That defense is not set up in the answer, and the sum, only the interest of which is bequeathed to the plaintiff Caroline, is not equal to the debt reported due to the plaintiffs. The will contains an express direction for the payment of all the testator's debts, and such direction rebuts the presumption that the money was intended as a satisfaction of the debt. (1 *P. Wms.* 410. *Richardson* v. *Green*, 3 *Atk.* 65.)

. The legacy bequeathed in this case is not equally beneficial to the legatee as the debt, as to the time of payment, or in the amount. (*Nichols* v. *Judson*, 2 *Atkins*, 300.) I am therefore of opinion that the motion to set aside the report should be denied.

Motion denied.