## SIEGBERT and others vs. STILES.

CONTRACTS: LEGAL HOLIDAYS. *(1, 2) Contracts maturing by their terms on a legal holiday or Sunday, held to mature the next preceding day.*

CONTRACTS: DAMAGES: MARKET PRICE: EVIDENCE. *Evidence of market price at McGregor, Iowa, admitted to show market price at Prairie du Chien, in this state.*

1. Under ch. 248 of 1862 (Tay. Stats., 836, § 14 and 1342, § 21), the first day of January is a legal holiday in this state.

2. By ch. 243 of 1861 (Tay. Stats., 836, § 12), commercial paper maturing on Sunday or on a legal holiday, becomes due and payable on the next preceding secular day; and by analogy to this statute, where any other contract by its terms matures on a Sunday or legal holiday, it will be held to mature on the next preceding secular day.

3. Where the question was, what was the market price of hogs on the 31st of

December, at Prairie du Chien in this state, plaintiff's proof of such market price not being certain or satisfactory, it was error to reject defendant's offer to show the market price in McGregor, Iowa, on the same day.

4. The court will take notice that Prairie du Chien and McGregor are separated only by the Mississippi river; that during the winter when the river is frozen, each of these towns may be easily and speedily reached from the other; and that, consequently, there could not be any considerable difference in the market value of hogs at the two places.

APPEAL from the Circuit Court for *Crawford* County.

Under date of December 6, 1873, the defendant agreed in writing to sell and deliver to the plaintiffs, on the first day of January then next, five hundred marketable hogs in a frozen condition, at five dollars per cwt., each hog to weigh not less than two hundred pounds. The plaintiffs were ready and willing to receive the hogs and pay for them, at the agreed time; but the defendant failed entirely to deliver them. This action was for damages for such failure. The plaintiffs had a verdict and judgment for $1,050, damages; and the defendant appealed.

*Geo. C. Hazelton* and *H. S. Orton*, for appellant, contended, among other things, that it did not clearly appear, from the evidence in this case, that there was a market and a fixed value for dressed hogs at Prairie du Chien, at the time of delivery fixed by the contract; and that the court erred in rejecting the evidence of the market price at McGregor, offered for the purpose of showing that the prices at Prairie du Chien were fictitious, made by the plaintiffs for the purposes of this contract. *Wemple v. Stewart*, 22 Barb., 154; *Birdsey v. Butterfield*, 34 Wis., 62, and cases there cited. The rule of evidence adopted by the court below would open the door to every dealer, having sufficient capital, to make his contracts and then run up the prices in the local market to such an extent as to ruin his victims.

*O. B. Thomas*, for respondents:

Defendant's offer to prove the price of dressed hogs at

McGregor was accompanied by an offer to show that the markets at that place and Prairie du Chien were both governed by Chicago and Milwaukee; and the court permitted defendant to prove the prices at that time in the two governing markets, and the cost of transportation to them from Prairie du Chien. If defendant's statement was true, that both places were governed by the same market, the ruling could do him no harm; if it was not true, an admission of evidence of prices at McGregor, which the plaintiff could not have anticipated, would have been an injustice to the plaintiff. There might have been a greater competition in McGregor between buyers, or a greater supply of dressed hogs offered there than at Prairie du Chien; or persons might at that time have been depressing the market at the former place for speculative purposes. Plaintiff was not prepared to show any of these facts in relation to the McGregor market, because he could not anticipate the introduction of evidence relating to that market.

[Counsel on both sides discussed at length several questions not passed upon by the court.]

Lyon, J. The contract for the delivery of the hogs, by its terms, matured on the first day of January, and that was a legal holiday. Laws of 1862, ch. 248 (Tay. Stats., 836, § 14; 1342, § 21). Commercial paper, maturing on Sunday or on a legal holiday, becomes due and payable on the next preceding secular day. Laws of 1861, ch. 243 (Tay. Stats., 836, § 12). There are many cases in the books which hold that when the day of performance of a contract, other than an instrument upon which days of grace are allowed, falls on Sunday, and probably also when it falls on a holiday, performance on the next secular day is sufficient; but the cases do not seem to be entirely uniform on the subject. We do not care to comment on those cases, or even to cite them, for we are satisfied that the rule fixing the time for the performance of all contracts which by their terms mature on Sunday or on a holiday,

should be uniform, and that no distinction in this respect should be made between commercial paper and other contracts. Hence, by analogy to the statute last above cited, we hold that the contract of December 6th matured December 31st, and the plaintiffs were entitled to delivery of the hogs on that day.

The market price of hogs of the kind and quality called for by the contract, on the 31st of December, 1873, in Prairie du Chien, was greater than the contract price. The difference being the measure of the plaintiffs' damages, it was essential to ascertain the market price on that day at Prairie du Chien, in order to assess such damages correctly. Testimony bearing upon the subject of such market price was introduced on the trial by both parties, and it tended to show the market price of such hogs on December 31st and January 2d, at Chicago, Milwaukee, Prairie du Chien and Bridgeport (the latter being a station on the railway six miles east of Prairie du Chien), and also the price for which one lot of hogs was sold in Prairie du Chien on January 1st.

The defendant produced one J. M. Gilchrist as a witness, for the purpose of proving the market price of like hogs in McGregor, Iowa, when the contract in suit matured. The witness having testified that in the winter of 1873–4 he was engaged at McGregor in purchasing and shipping hogs, the plaintiffs objected to any testimony showing the McGregor market on December 31st or January 2d. The defendant proposed to prove by the witness (among other things) that the Prairie du Chien and McGregor markets were the same as to prices, both being controlled by the Chicago and Milwaukee markets. The court sustained the objection, and rejected the offered testimony.

I suppose we are permitted to know (although we may find no proof of those facts in the record) that Prairie du Chien and McGregor are only separated by the Mississippi river, and that during the winter, when the river is frozen, each town

may easily and speedily be reached from the other. When the defendant failed to deliver the hogs, if the plaintiffs could have supplied themselves in the McGregor market with the same number and quality of hogs, at a given price, that fact would tend to show that like hogs could not be worth a much greater price in the Prairie du Chien market. As a matter of course, the market price of any staple in the interior towns, where such staple is gathered directly from the producers and shipped to some great market, is governed by the prices therefor which prevail at such market; and the conditions being the same at any two shipping points, the market price for the staple must necessarily be substantially the same at both points. Hence it is apparent that the market price of hogs in those great marts for that staple, Chicago and Milwaukee, must necessarily control to a great extent the market price therefor in Prairie du Chien and McGregor, and that there cannot be any considerable difference in such price at the two latter points. In the record before us the proof of the market price of hogs in Prairie du Chien on the 31st of December, 1873, is not very certain or satisfactory; and we think the circuit court should have received the offered proof of McGregor market prices on that day, as tending to show such market price at Prairie du Chien.

Because that testimony was rejected, there must be a new trial.

*By the Court.* — Judgment reversed, and. *venire de novo* awarded.