FREDERICK JEFFERY, Respondent, *v.* JAMES T. WALKER, Appellant.

*Master and servant — quantum meruit — defense based upon a special contract, void under the Statute of Frauds.*

Where a dispute exists in regard to the right of an employer to terminate an oral contract, made between him and his employee for the services of the latter, which is void under the Statute of Frauds, and it appears that the employer gave notice of his decision to terminate the contract which he claimed the right to do under the provisions thereof, and that the employee thereupon ceased work and left the employment, it is not improper for the court to charge the jury that the amount that the employee was entitled to recover in an action brought against his employer for the value of the services, depended upon the determination of the jury as to what the contract was in reference to the amount of wages to be paid.

APPEAL by the defendant, James T. Walker, from a judgment of the Wayne County Court, entered in the office of the clerk of the county of Wayne on the 10th day of November, 1892, with notice of an intention to bring up for review upon such appeal an order dated the 7th day of November, 1892, denying a motion made by the defendant for a new trial, after a trial before the court and a jury.

*H. R. Durfee,* for the appellant.

*Hopkins & Converse,* for the respondent.

HAIGHT, J. :

This action was originally brought in a Justice's Court to recover a balance claimed by the plaintiff to be due him for services rendered to the defendant. The complaint was upon a *quantum meruit.* The defense was that the services were rendered under a special contract, and had been fully paid for except the sum of fourteen dollars and fifty cents, which the defendant had tendered to the plaintiff before the commencement of this action, and which sum he had brought into court and delivered to the justice of the peace for the plaintiff. The trial before the justice resulted in a verdict for the plaintiff for forty-six dollars and fifty cents. An appeal was taken to the County Court, in which court a new trial was demanded. The trial in that court resulted in a verdict for the plaintiff for

forty-eight dollars and twenty-five cents, being the amount of the recovery before the justice of the peace, with the interest that had accrued thereon. A motion was made by the defendant for a new trial upon the minutes of the County Court, which was denied, and thereupon he took an appeal to this court.

It appears that the plaintiff entered the employment of the defendant the latter part of January, 1891, and continued in his service until the 23d day of January, 1892. On behalf of the plaintiff it is claimed that at the time he entered such employment it was agreed that he should receive for wages five dollars a week until the first day of April; that a few days before the first day of April they further orally agreed that he should continue his services for one year from the first day of April, and that he should receive therefor one dollar per day or seven dollars a week. On behalf of the defendant it is claimed that at the time the plaintiff entered his employment it was agreed that he should be paid five dollars a week for his services until April first, and seven dollars a week from April first to October first, and thereafter five dollars a week during the winter months, and that either party should be at liberty to terminate the contract upon giving a week's notice.

It was conceded that the plaintiff had been paid in full to October 3, 1891, and that thereafter he had been paid the sum of sixty-five dollars and fifty cents. If the agreement was that he was to be paid but five dollars per week after the first of October, the balance his due would be the sum of fourteen dollars and fifty cents, the amount tendered and paid into court. If the agreement was that he was to receive seven dollars per week, then the amount his due would be the sum of forty-six dollars and fifty cents, the amount of the verdict, with the interest accrued thereon.

Upon the trial the court in substance charged the jury that the amount that the plaintiff was entitled to recover depended upon their determination as to what the contract was in reference to the amount of wages to be paid. The defendant complains of this charge, and it presents the only question requiring special attention.

We have stated that the employment was terminated on the 23d day of January, 1892. Under the contract, as testified to by the defendant, either party could terminate the contract upon giving a week's notice. Under the agreement, as testified to by the plaintiff,

the employment was for the term of one year, commencing on the 1st day of April, 1891, and continuing until the 1st day of April, 1892. If such was the agreement it was not to be executed within one year from the time it was made, and was, therefore, void under the Statute of Frauds. But whether the agreement was to run for a year, or was to run until the parties terminated the same by giving a week's notice, is unimportant, for it is conceded in the testimony of both of the parties that it was terminated on the 23d day of January, 1892, by the defendant giving the plaintiff such a notice, and the plaintiff accepting the same and quitting thereunder. The plaintiff testified that the defendant gave him a week's notice, and that he replied thereto, " I am perfectly willing." The defendant testified that he said to the plaintiff, " Now, Fred, you must not talk in that kind of a way to me. You recollect if there was any dissatisfaction we were to give each other notice. Now, if that is the way you are going to talk to me when I simply asked you if you had not made a mistake in your figures, I will do just as we agreed and now give you your notice, and he said, ' All right, sir,' and off he marched.' It thus appears that the employment was terminated at that time by the mutual consent of the parties.

We have no means of knowing what the determination of the jury was as to the provisions of the contract in this respect. The jury evidently found that the agreement was that the defendant should pay the plaintiff seven dollars per week during the continuance of the employment. Whether they found that the employment was to continue a year from the first day of April, or was to continue until terminated by one of the parties giving the notice mentioned, we have no means of ascertaining. It is conceded that the parties terminated the agreement under a notice, thus, in a measure, tending to corroborate the defendant in this regard. Under the evidence the jury was at liberty to find that the employment was to be terminated by notice. But whether it was so found or not, it appears that the contract was terminated, both parties consenting thereto. And under the circumstances in this case it appears to us that their situation is the same as it would have been had the contract been fully executed by continuing the services until the end of the year. Under the agreement the plaintiff was to be paid weekly. At the end of each week he was entitled to his wages as

agreed upon, either seven or five dollars, whichever it was. In this respect it was an executed agreement at the end of each week, and their contract fixed the value of the services. When, therefore, the parties mutually terminated the contract of employment the agreement became fully executed.

The case is distinguishable from those where the agreement was to pay a gross sum at the end of the term, such as *Shute* v. *Dorr* (5 Wend. 204), for in such a case where a party ceases work before the expiration of the term, he has not fully earned the sum agreed upon, and the services contracted to be rendered, not performed, may be of greater value to the employer than the services rendered. A child sixteen years of age may not be able to earn much during the first two or three years, but the fourth or fifth year, when nineteen or twenty years of age, he may earn a considerable amount. In such a case an agreement to pay a gross sum when the child arrives at the age of twenty-one years, would afford us no evidence as to the value of the services rendered during the first year of his employment. (*Galvin* v. *Prentice*, 45 N. Y. 162.)

In *Lisk* v. *Sherman* (25 Barb. 433–438), WELLS, J., in delivering the opinion of the court, says : " It is the value of the services or property which the party receiving agreed to pay for them. In such cases it is said the contract furnishes the measure of damages ; and it makes no difference that the contract is declared void by the statute, provided it might be enforced, except for the statute. In *Abbott* v. *Draper* (4 Den. 51), Judge BRONSON says : ' Although the statute declares a parol contract for the sale of lands void, it does not make it illegal. It is not a corrupt or wicked agreement nor does it violate any principle of public policy.' And I confess I can see no reason for any distinction between such a contract and one which is binding upon the parties in respect to the propriety of resorting to it for the purpose of fixing the measure of damages. In neither case is the contract sought to be enforced according to its terms. In the case of a contract void though not illegal, it cannot be enforced and of course no action can be maintained upon it. In a case where the plaintiff is at liberty to rescind a valid contract, and brings his action for services or property rendered or delivered under it, such action is no more upon the contract than in the other case. In both the contract is laid out of view for the purpose of ·

sustaining the action, and in each it may be resorted to in order to determine the value of the services rendered or property delivered or conveyed as estimated by the parties themselves."

In *Clark* v. *Gilbert* (32 Barb. 576–584), ALLEN, J., refers to the case of *Lisk* v. *Sherman* and says in reference thereto that "the contract of services had been fully performed by the plaintiff, but the agreement as to compensation was void by the Statute of Frauds. It is well settled, however, that in such cases the contract may be resorted to as evidence of the value of the services and to control the recovery."

In *Day* v. *N. Y. C. R. R. Co.* (52 N. Y. 583–590), EARL, J., says: "If one pays money or renders service, or delivers property upon an agreement condemned by the Statute of Frauds, he may recover the money paid in an action for money had and received, and he may recover the value of his services and of his property upon an implied assumpsit to pay, provided he can show that he has been ready and willing to perform the agreement and the other party has repudiated or refused to perform it. * * * While the law in such case will not sustain an action based upon the agreement, *it still recognizes its existence and treats it as morally binding,* and for that reason will not give relief against a party not in default nor in favor of a party who is in default in his performance of the agreement." (*Burlingame* v. *Burlingame*, 7 Cow. 92; *Fort* v. *Gooding*, 9 Barb. 371; *Thomas* v. *Dickinson*, 2 Kern. 364; *Van Valkenburg* v. *Croffut*, 15 Hun, 147; *Fells* v. *Vestvali*, 2 Keyes, 152; *King* v. *Brown*, 2 Hill, 485; *Ludlow* v. *Dole*, 62 N. Y. 617.)

The judgment should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment and order appealed from affirmed, with costs.