BOYD v. VALE.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. BROKERS—ACTION FOR SERVICES—EXPRESS CONTRACT—WAIVER—QUANTUM MERUIT.

Where defendant refused to perform an express contract to pay plaintiff a certain share in the profits of a business, in consideration of his services in obtaining defendant a partner who would invest a large amount in the business, plaintiff was entitled to rescind the contract and bring an action on the implied assumpsit.

2. SAME—EVIDENCE OF VALUE.

Where, in consideration of plaintiff's services in obtaining a partner for defendant, the latter agreed to pay plaintiff 10 or 15 per cent. of the profits of the business, and, on defendant's breach of the contract, plaintiff elected to sue in assumpsit for his services, the contract price was competent as evidence of the value of such services.

3. SAME—EXPERT WITNESSES—COMPETENCY.

Plaintiff sued for the value of services rendered defendant in obtaining capital to be invested in defendant's business in the United States of Colombia. A witness testified that his time had been largely devoted to mining and promoting various enterprises in Central and South America, some of which were located in the United States of Colombia, and that he had experience in procuring money for mining enterprises in that country. He had been informed by others who had procured money for investment in that locality what they had received for their services, and had a general idea, based on such information, of what had been received by many in obtaining capital for investment there. Held, that he was competent to testify what would be a fair compensation for plaintiff's services.

4. SAME—QUESTION FOR JURY.

In an action for broker's services in obtaining capital for investment in defendant's enterprise, evidence as to the reasonable value of plaintiff's services held sufficient to require a submission thereof to the jury.

Appeal from Trial Term, New York County.

Action by Richard C. Boyd against Julio Vale. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, IN-GRAHAM, and LAUGHLIN, JJ.

Wilson B. Brice, for appellant.
James S. Darcy, for respondent.

LAUGHLIN, J. The action is to recover for services upon a quantum meruit. The plaintiff was nonsuited at the close of his evidence. He excepted, and asked to go to the jury upon the questions of fact. The plaintiff testified, in substance, that he was employed by the defendant, who owned a coffee plantation in the United States of Colombia, to procure $300,000, to be invested, among other things, in that,

agriculture and live stock business, the exporting and importing business, and the construction and operation of lines of transportation there and in Venezuela, upon the express understanding and agreement that he was to receive for his services an interest as a partner in the defendant's share and interest in the profits and in the business to the extent of 10 or 15 per cent.; that he induced his college chum and friend, Howard Gould, to make the investment; that a contract was made between Mr. Gould and the defendant by which the former became a special partner, and did invest $300,000 in cash in the business upon the terms and conditions desired by the defendant; that, by the articles of agreement between defendant and Gould, the copartnership was to continue for five years, and the defendant was to receive 60 per cent. of the profits for the first year, and 50 per cent. thereafter; that the defendant was to invest as his share of the capital the plant then owned by him, together with certain other properties which he was to procure; that Mr. Gould's share of the profits for the first three years aggregated $70,000; that when plaintiff was employed the defendant estimated that the profits would be over $200,000 per annum, and represented that upon a capital of $50,000 he had been making $45,000 per annum; that the defendant repudiated the contract, and declined to pay the plaintiff his share of the profits or give him an interest in the business; that it was difficult to obtain Northern capital for such an investment, and that the defendant had endeavored to do so for some time without success; that the plaintiff was engaged for upwards of a month in conferences with Mr. Gould and with the defendant, in inducing the former to make the investment.

The first question presented relates to the right of the plaintiff to recover on a quantum meruit when it appears that he has fully performed his contract, and by its express terms his compensation was to be a share in the profits and business. The plaintiff does not sue upon the express contract. The defendant having refused to perform the contract, the plaintiff has elected to rescind it, and brings his action upon an implied assumpsit. This he had a right to do, in these circumstances. Farron v. Sherwood, 17 N. Y. 227.

The next question to be considered is whether the plaintiff gave sufficient evidence of the value of his services to require that question to be submitted to the jury. He was only 23 years of age, had never been engaged in business or rendered such services before, and consequently was unable to testify concerning the value of his services. Although the action is upon a quantum meruit, still the contract price of his services was competent evidence on the value of his services; and, if the amount agreed to be paid clearly appear, the plaintiff's recovery would be limited thereby. Ludlow v. Dole, 62 N. Y. 617; Hartley v. Murtha, 5 App. Div. 408, 39 N. Y. Supp. 212; Shirk v. Brookfield, 77 App. Div. 295, 299, 79 N. Y. Supp. 225; Link v. Sherman, 25 Barb. 433; Galvin v. Prentice, 45 N. Y. 162, 6 Am. Rep. 58; Shute v. Dorr, 5 Wend. 204; Jeffery v. Walker, 72 Hun, 528, 25 N. Y. Supp. 161; Fort v. Gooding, 9 Barb. 371. The defendant's estimate of what the profits would be, and the evidence adduced as to profits made, were sufficient to authorize a substantial recovery, and should have been submitted to the jury. Counsel for the respondent draws atten-

tion to various other testimony of the plaintiff tending to contradict or render improbable some of his testimony to which we have referred. The argument can have little weight on an appeal from a nonsuit, where the sole inquiry is whether there was a question of fact to be submitted to the jury, whose province it is to draw the proper inference even from conflicting evidence.

We think the court also erred in excluding expert evidence bearing upon the value of the services rendered by the plaintiff. The plaintiff called as a witness one Floyd B. Wilson, a lawyer, whose time was devoted largely to mining and other matters in Central and South America. He promoted and procured money for investment in different enterprises in Central and South America, including mining, telephone, reduction or smelting, and pine fiber enterprises. Some of the enterprises he had promoted were in the United States of Colombia, and he had had experience in procuring money for mining enterprises in that country, and had been counsel for such enterprises. He had been informed by those who had procured money for investment in that locality what they had received for such services, and he had a general idea, based upon such information, of what had been received by many in obtaining capital for investment there. He was then asked, "Now, I ask you what would be a fair and reasonable compensation for the procurement of $300,000, to be invested in the maintenance and development of a general merchandise export and import business?" This question was objected to as incompetent, irrelevant, and immaterial, and on the ground that the witness was not qualified as an expert to testify concerning this particular kind of business. The court sustained the objection upon the ground that the witness was not qualified. Although the witness had no personal knowledge of what had been paid for services in procuring capital to be invested in the kind of business in which the defendant was engaged, yet he had had quite an extensive general knowledge concerning various kinds of enterprises promoted in Central and South America, and with reference to the difficulty of obtaining capital for such enterprises, and of what had been paid for such services. In view of the manifest difficulty of proving the value of such services, we think this witness was sufficiently qualified to throw some light upon it, to aid the jury, and that the evidence should have been received. Jarvis v. Furman, 25 Hun, 391; Mercer v. Vose, 67 N. Y. 56; Hirschsohn v. Hamburg-American Packet Co., 2 Jones & S. 521; Hamlin v. Seers, 82 N. Y. 327; Woodruff v. Imperial Fire Ins. Co., 83 N. Y. 133; Smith v. Frost, 10 Jones & S. 87; Potter v. Carpenter, 71 N. Y. 77; Harris v. Panama R. Co., 3 Bosw. 7; Siegbert v. Stiles, 39 Wis. 533; Crusoe v. Clark, 127 Cal. 341, 59 Pac. 700.

The judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.