CANDEE & SMITH v. FORDHAM STONE RENOVATING CO.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. CORPORATION—ACTIONS—CONTRACT OF PRE-EXISTING PARTNERSHIP.

A corporation cannot recover on a contract entered into by defendant with a pre-existing copartnership of the same name and doing the same business, in the absence of allegation or proof that the corporation succeeded to the business of the copartnership.

2. PLEADING—AMENDMENT—CHANGING CAUSE OF ACTION.

Upon trial of an action to recover on an agreement in writing to pay a balance due on materials sold by plaintiff to a third person, leave to amend the complaint by alleging that the materials were sold to defendant and delivered to the third person was properly denied, since the amendment would change the cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 686–709.]

3. PAYMENT—EVIDENCE—NOTE.

In an action on an agreement to pay the balance due on an account of plaintiff with a third person, proof that defendant had delivered to plaintiff an individual negotiable note of the defendant's president and manager for the balance of the account which was accepted and retained by plaintiff in full settlement of the alleged indebtedness constituted a complete defense.

Scott and Houghton, JJ., dissenting.

Appeal from Trial Term.

Action by Candee & Smith against the Fordham Stone Renovating Company. Judgment of dismissal, and plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Albert R. Hager, for appellant.
Edward C. Moen, for respondent.

LAUGHLIN, J. The action is brought on an agreement in writing alleged and purporting to have been made between the parties on the 16th day of May, 1900, to recover the sum of $472.35, a balance of the purchase price of lime, cement, sand, and other material alleged to have been sold and delivered by plaintiff to one Brisac between the 1st day of July, 1903, and the 6th day of January, 1904, in reliance upon and in consideration of the promise of defendant contained in said agreement of May 16, 1900, to pay therefor. Plaintiff is a domestic corporation. It was incorporated on the 4th day of August, 1900. Prior to its incorporation there was a copartnership by the same name engaged in the same line of business. There is an intimation in the evidence that the corporation succeeded to the business of the copartnership; but this was neither alleged nor proved. The agreement upon which the liability of defendant is predicated was made not with

the plaintiff, nor in its behalf, but with the copartnership months before plaintiff came into existence. The defendant denied that it made the agreement with the plaintiff. The theory on which plaintiff evidently relies for a reversal of the judgment is that it adopted the contract made by the copartnership, and that the parties have dealt with each other on the assumption that both plaintiff and defendant were bound thereby. The difficulty with that claim is that it was not an issue tendered by the complaint which was neither amended nor was leave to amend in this regard requested. Upon the trial plaintiff asked leave to amend by alleging that it sold the property to the defendant and delivered it to Brisac. The trial court properly declined to grant the amendment on the ground that it would change the cause of action.

The defendant also set up as a separate defense that, prior to the commencement of the action, it paid and satisfied the claim sued upon by delivering to plaintiff the negotiable promissory note of a third party which was accepted and retained by plaintiff in full settlement of the alleged indebtedness upon which the action is founded. Upon the trial the defendant showed by the testimony of the collector of the plaintiff that he received from the president and manager of the defendant prior to the commencement of the action the personal promissory note of said president and manager for the balance of the account sued upon, payable to the order of plaintiff in settlement of the account. This evidence was uncontroverted, and it constituted a complete defense. We are of opinion that the judgment dismissing the complaint was properly granted both upon the theory that plaintiff failed to establish the cause of action alleged, and also upon the ground that the indebtedness, if any, was paid and satisfied by the delivery and acceptance of the individual note of the president and manager of the defendant in settlement thereof.

It follows that the judgment should be affirmed, with costs.

McLAUGHLIN, J., concurs.

INGRAHAM, J. I agree with Mr. Justice LAUGHLIN upon the ground that the evidence did not sustain the allegation that on the 16th of May, 1900, the defendant executed and delivered an instrument, a copy of which was annexed to the complaint. It is conceded that the plaintiff was not incorporated until August, 1900, and there is no allegation that this contract or any interest in it was transferred to or assumed by the plaintiff. The defendant agreed that it would pay Candee & Smith, a copartnership, on the 20th of each month, for the lime, cement, sand, etc., which this copartnership furnished to Brisac during the previous calendar month. I think this is in the nature of a suretyship, and not an original agreement, and it was so alleged in the complaint. There was no sale or delivery of the merchandise to the defendant; the sole obligation of the defendant being to pay the firm of Candee & Smith for the merchandise it furnished to Brisac. There is no evidence that the firm of Candee & Smith furnished any merchandise to Brisac which had not been paid for, and therefore there is no amount for which the defendant was liable.

SCOTT, J. (dissenting). The agreement sued upon is an original one, to pay for lime, cement, etc., to be furnished to Brisac. Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516. It is not an agreement of suretyship, nor one to pay the debt of another. The fact that when the agreement was made Candee & Smith were a co-partnership, and that plaintiff shortly afterwards became a corporation, is unimportant, because the promise was to those who carried on the business, and by their course of action, long continued, the defendants recognized their liability to the plaintiff. Beakes v. De Cunba, 126 N. Y. 293, 27 N. E. 251. The authority of defendant's president to make the agreement is to be inferred from defendant's long acquiescence in it and compliance with its terms. The acceptance of the note of Moen, defendant's president, did not discharge defendant's indebtedness. To say that it was taken in "settlement" of the claim does not necessarily mean that it was taken in payment, but may equally mean that it was accepted as a liquidation and acknowledgment of the amount due. Fort v. Gooding, 9 Barb. 371. The debt was past due when the note was taken, and in such cases the rule is that the acceptance of the note or draft of a third person will not be presumed to have been in satisfaction of the debt, and the onus of establishing that it was so received rests upon the debtor. Noel v. Murray, 13 N. Y. 167; Gibson v. Tobey, 46 N. Y. 637, 7 Am. Rep. 397, Smith v. Ryan, 66 N. Y. 352, 23 Am. Rep. 60. The judgment should be reversed, and a new trial granted.

HOUGHTON, J., concurs.