## SHUTE *vs.* DORR.

A *parent* is entitled to the earnings of his *child*, being a minor, where there is no agreement, either express or implied, that payment may be made to the child; and an action for the work, labor and services of such child in such case must be brought in the name of the parent.

A *parol* agreement by a parent that his child, aged 16, shall serve a third person until he arrives to the age of 21, when his master is to pay him $100, is within the statute of frauds; but if any services are rendered under such contract, there may be a recovery for the same upon a *quantum meruit*.

So there may be a recovery upon a *quantum meruit*, where services have been rendered under such contract, and the contract has been terminated by the assent of the parties.

MOTION to set aside report of referees. This was an action to recover for work, labor and services done and performed by the son of the plaintiff for the defendant. The declaration contained only the common counts. The cause was heard before referees. About the first April, 1823, the plaintiff put his son, then between 15 and 16 years of age, to live with the defendant untill he arrived to the age of 21, and to work on his farm; at the expiration of which time, the defendant was to pay the son $100 and give him two new suits of clothes, and in the mean time to provide him with clothing and to give him common schooling. If the defendant and the boy at any time disagreed, the latter was at liberty to quit, in which event the compensation he should receive was to be determined by two individuals who were named, or by other good men. The boy continued with the defendant until the latter part of November, 1826, when a disagreement taking place between them, he left the employment of the defendant, with the consent of the latter. After leaving the defendant, the boy called on him, and asked him to settle and to submit the amount of his compensation to men as he had agreed; to which application the defendant answered that he had nothing to settle with him: soon after which this suit was brought. Testimony on both sides was given as to the value of the services of the

son of the plaintiff. The referees reported in favor of the plaintiff for $57, which was now moved to be set aside.

*M. T. Reynolds,* for the defendant. The agreement in this case was in the nature of an indenture of apprenticeship, and the obligations assumed by the defendant not being to be performed untili the full performance of the services undertaken by the plaintiff's son, the contract was not within the statute of frauds, and should therefore have been declared upon. *Burlingame* v. *Burlingame,* 7 *Cowen,* 92. The same case also settles that, on evidence like that adduced in this case, there can be no recovery under the common counts, and that the action should have been brought in the name of the child, and not of the parent. See also *M'Coy* v. *Hoffman,* 8 *Cowen,* 84.

*J. A. Spencer,* for the plaintiff. The contract being by parol, and not to be performed within a year after it was made, was void by the statute ; and being void, the plaintiff was entitled to recover under the common counts. 1 *R. L.* 78, § 11. 11 *East,* 142. *Comyn on Contracts,* 284. 7 *Cowen,* 93. 11 *Johns. R.* 441. Parents are entitled to the earnings of their children ; they may authorize those who employ them to pay them, and such payment will be a bar to a recovery by the parents ; but they may revoke such licence, and receive the earnings themselves. 7 *Cowen,* 93. 2 *Mass. Rep.* 115. 2 *Wendell,* 459.

*By the Court,* SUTHERLAND, J. There is no reason for interfering with the report as to the amount of damages ; in that respect it is fully warranted by the evidence. The only questions necessary to be considered are, 1. Whether the action can be sustained in the name of the father ; and 2. Whether the plaintiff should not have declared upon the special contract.

Parents are bound to maintain their children, and are entitled to their services until they are 21 years of age. The law considers them as the servants of their parents, and as laboring for them, though not in their actual employment. Whatever they may earn, belongs to and is to be recovered

UTICA,
July, 1830.

Shute
v.
Dorr.

in the name of the parent. This is the genaral rule ; but a parent may relinquish his right, and authorize his child to labor for himself, and to receive and appropriate to his own use whatever he may earn ; and a special contract with a third person, authorizing him to employ and to pay the child himself, will bind the parent, and payment to the child will be a defence against any action brought by the father. The intention of the parent may also be inferred from circumstances ; and where the circumstances of any particular case warrant the conclusion that it was understood that the child might receive his earnings, payment to him will be good. 7 *Cowen*, 92. 2 *Mass. R.* 115. 8 *Cowen*, 84. But where there is no agreement, either express or implied, that payment may be made to the child, the parent alone is entitled to his earnings, and the action must be brought in his name. Such is this case.

2. The special agreement in this case was clearly void, within the fourth section of the statute of frauds. The contract, on the part of the defendant, was to pay $100 for the services of the plaintiff's son, when he became of age. The young man was but 16 years of age when the agreement was made ; so that it could not have been performed on either side within a year. The son was to serve the defendant for five years, and then the defendant was to pay the $100. There was no contingency upon which it could have been performed within a year. It should, therefore, in order to bind the parties, have been evidenced by writings. 1 *Comyn on Contracts*, 87. *Boydell* v. *Drummond*, 11 *East* 142. 1 *R. L.* 78, sect. 11.

The evidence also shews that the special contract was abandoned by the mutual consent of both parties. It was a part of the original agreement, that if the young man was dissatisfied, he might at any time leave the defendant's service. He did leave it, with the consent of the defendant. Upon the ground, therefore, either that the special contract was void under the statute of frauds, or that it had been terminated and abandoned by the parties, the plaintiff has a right to recover upon a *quantum meruit* for the services actually rendered by his son, without any reference to the special agree-

ment. *5 Johns. Rep. 85, and cases cited in note a, p. 87.* 11 *id.* 441. 12 *id.* 274. 1 *Term Rep.* 133. 1 *Bos. & Pull. n. s.* 354. *7 Johns. R.* 132. *7 Cowen*, 93.

The original contract provided, that if the young man left the defendant before his time was out, it should be left to two individuals, named by the parties, to decide what the defendant should pay for his services. The manner of ascertaining the amount having been specially agreed upon, it would probably have been necessary to have declared specially in this respect, and to have shewn an offer on the part of the plaintiff to submit the matter to the individuals named, if it had not appeared that this part of the contract, as well as the other, had been put an end to by the refusal of the defendant to comply with it. It is shewn that upon an application made to him to submit the settlement to the individuals agreed upon, he replied that he had nothing to settle. The whole contract was then at an end, and the general counts were all that it was necessary for the plaintiff to insert in his declaration.

Motion to set aside report of referees denied.