LETTS *vs.* BROOKS and BROOKS, Adm'rs of BROOKS.

Plaintiff, an infant, and his father executed an indenture binding plaintiff to defendants' intestate, but plaintiff did not serve till he was of age, owing to the death of the intestate before that time, and the terms of the indenture were not fulfilled on either side. *Held,* that the father, and not the plaintiff was entitled on a quantum meruit to the value of plaintiff's services; the father did not, under such circumstances, forego his right by joining in the indenture.

There was no proof that the father was alive while the services were being performed. *Held,* that, as he was alive at the time of the execution of the indenture, the presumption of life continues till the contrary be shown.

MOTION to set aside report of a single referee in favor of plaintiff. The facts are sufficiently stated in the opinion of the court.

*By the Court,* COWEN, J. This was an action for work and labor. The services were done under a void indenture, between the plaintiff and his father of one part, and the intestate on the other. The plaintiff did not serve till he was of age, owing to the death of the intestate before that time; and the terms of the indenture were not fulfilled on either side. This action was therefore brought on a quantum meruit.

The defendants' counsel objected that the plaintiff could not recover in his own name, because the price of the services belonged to his father. That is admitted to be the general rule. But it is said the indenture shows that he has parted with his right. Such is, I think, the only answer that can plausibly be given; but it seeks to infer too much. The indenture indicates an intent that a certain compensation should have been paid to the son in money and otherwise pursuant to the indenture. That has not fallen due. The son might have, at any time, been thrown back on his father for maintenance and the latter was entitled to his services just as if the indenture had never been. To make the indenture say, that in such a state of things the father intended to relinquish his right, would be a violation of probability. To raise an implied admission, the party must

say, do or omit something incompatible with the fact upon which he insists.

It is said there was no proof that the father was still alive during the time of the services being performed. He was alive when the indentures were executed; and the presumption of life continues until the contrary be shown.

The statement of the plaintiff's counsel as to the indenture, was conceded by the defendants' production of it. Taken together they show that the plaintiff was an infant and had a father who was entitled to pay for his services. I see no circumstances to rebut the presumption of law. The evidence of the mere relation of father and son showed the legal right to be in the former. That the son was out at work made nothing against it. The right can not be in both; nor is it a matter of election which shall sue. *Shute* v. *Dorr*, 5 Wend., 204, it appears to me, settles the question as it stood on the testimony before the referee. There wants evidence extrinsic the indenture, that the father agreed with the intestate, at least with his son, that he might receive the wages without reference to the terms of the indenture. Such an agreement was necessary in the outset of the services. If there was none, the implication of law, that the services are to be paid for according to their worth, arises in favor of the father, who alone can bring the action.

Report set aside.