Totten, J.,
delivered the opinion of the Court.
The action is assumpsit on the common counts for labor and services; and the case is, that the plaintiff’s son William, at about the age of seventeen years, went into the service of Kobert W. Hamilton, a tanner, with a parol understanding between him and William, that William should reside with him for some three years, and learn the business and art of tanning. William went, at first, without his father’s consent, but the proof shows that he afterwards consented to William’s .continuing in Hamilton’s service, upon their own agreement, but declined to become a party to any contract between William and Hamilton, or to have any interest in it. William remained with Hamilton about a year and a half, principally engaged in the tanyard, when he quit Hamilton’s service, on some disagreement between them, and thereon the plaintiff *105 institutes this suit to recover for his son’s labor and services. The court charged, in effect, that the plaintiff might recover for the labor and service of his son, if he went and continued in defendant’s employment without the consent of the plaintiff, but could not recover if he consented that his son might act in that matter upon his own agreement, and for his own benefit. It is unquestionably true, that the father being tinder obligation to maintain, and in some degree, to educate his infant children, is entitled to the custody of their persons and to the value of their labor and services. If the infant do labor and service for another, without the father’s consent, such person will be liable therefor, at the suit of the father. But the father may waive this right for the benefit of his child, and permit him to act for himself, upon his own rights and responsibilities and for his own benefit, and this waiver may appear by express agreement, or be implied from facts and circumstances. If he waive his rights, and permit his son to make .contracts and acquisitions for himself, they are his contracts and acquisitions, and not the father’s. See Burlengam vs. Burlengam, 7 Cowan Rep. 92, McCoy vs. Huffman, 8 Cowan Rep. 84, Shute vs. Door, 5 Wend. Rep. 204, 2 Kent Com. 194, note.
The question, whether the plaintiff had thus waived his rights, was fairly left to the jury, and we think they have decided it correctly.
The plaintiff having waived his right in this respect, it is not material to determine the legal effect of the agreement entered into by his son, with defendant’s intestate.
We do not think, in view of the facts of this case, that the plaintiff has any cause of action against the defendant.
Let the judgment be affirmed.