Jones *v.* Hay.

[St. Lawrence General Term, October 6, 1868. *James, Rosekrans, Potter* and *Bockes,* Justices.]

---

## Jones *vs.* Hay.

An agreement between a parent and a third person, for the future performance of services for the latter by a minor child of the former, during a period of several years, is void by the statute of frauds, if not in writing.

But if any services are rendered under such a contract, a recovery may be had, for the same, upon a *quantum meruit,* in the absence of any new agreement between the parties, binding upon them, relative to the services of the minor.

And if the original agreement is subsequently terminated by mutual consent, and a new agreement made, by which all claims of the father, for the services of his son, under the former, are merged in the new agreement, a recovery may be had for the amount stipulated to be paid by the new agreement.

Thus, where, after the making of a parol contract between the parties, for the future services of the plaintiff's minor son for the defendant, and the performance of services thereunder, it was agreed between the parties that if the minor would enlist as a soldier, in the United States service, he should be discharged from further service under the original agreement, and that the defendant would pay the plaintiff $80 (the sum before agreed to be paid) the same as if the son had continued to labor for the defendant for the full term; and the son thereupon enlisted; *Held* that the new agreement was founded on a good consideration, and was valid and binding on the parties; and it having been performed, on the part of the plaintiff and his son, a recovery could be had, upon it, of the $80.

THIS is an appeal by the defendant from a judgment in favor of the plaintiff entered on the report of a referee.

The plaintiff, by his original complaint, claimed to recover $80 and interest, under a special oral contract, for services rendered by his minor son.

The defendant admitted the contract for services, in

substance, except that payment was to be made to the son; and denied all obligation to the plaintiff. Other defenses were interposed by the answer, unnecessary here to notice.

The action was referred to a referee to hear and determine. Before the case was submitted to the referee, a motion was made to him for liberty to amend the complaint by adding a second count upon a *quantum meruit,* for the work, labor and services of the son. The motion was granted by the referee, against the defendant's objection, and the complaint was thereupon amended accordingly. The referee found in favor of the plaintiff for $218.85, for which sum, with costs, judgment was entered. The defendant thereupon appealed to the general term.

The referee found the facts of the case as follows:

*First.* That in the month of January, 1862, a parol agreement was entered into between Luther W. Jones, a minor son of the plaintiff, who was then of the age of eighteen years and upwards, by and with the assent of the plaintiff, with the defendant, that the said Luther should reside with and work for the defendant from the time of making said agreement until the said Luther should arrive at the age of twenty-one years, which would be until the 18th day of May, 1864; that the said defendant in consideration thereof should give to the said Luther three months' schooling each year, and clothing, and $5 each year for spending money, one good new suit of clothes when he became of the age of twenty-one years, a good trunk, and should pay to the plaintiff the sum of $80 when said Luther arrived at the age of twenty-one years.

*Second.* That the said Luther W. Jones, under said agreement did live with and work for said defendant, at Ticonderoga, in the county of Essex, from the said month of January, 1862, until January, 1864; that he commenced such work and labor for the defendant in April, 1861, and worked for said defendant until the time of making said agreement, and continued such work and labor under said

Jones *v.* Hay.

agreement from that time until he enlisted as hereinafter found.

*Third.* That in the month of January, 1864, the said Luther W. Jones, with the assent of the parties to this action, volunteered as a soldier in the United States service, and was credited as such volunteer to the town of Ticonderoga, and left the service of the said defendant; that the defendant, at the time the said Luther so volunteered, relinquished all claim to the further services of the said Luther until he was twenty-one years of age, and promised to pay said plaintiff the said sum of $80.

*Fourth.* That the said defendant has never paid to the said plaintiff the sum of $80, nor has he paid to the said plaintiff any thing whatever for the work, labor and services of his minor son aforesaid.  That the said defendant did board and clothe the said Luther while he resided with him, and gave to the said Luther about three months' schooling for two years, but did not pay the said Luther any thing for his said work, labor and services.

*Fifth.* That the said plaintiff never abandoned, emancipated, or gave Luther his time, or released his right or claim for his services.

*Sixth.* That the work, labor and services of the said Luther was worth the sum of $10 per month for six months in each of the years 1861, 1862 and 1863, besides his board and clothing, and for the residue of the time during each of said years his services were worth his board and clothing and schooling until he left the service of the defendant aforesaid.

On these facts the referee found as conclusions of law:

*First.* That the agreement as above found was not to be performed and could not be performed within one year, and was void, and not binding upon the parties.

*Second.* That the plaintiff was entitled to judgment against the defendant in this action for the sum of $180 and interest from the last day of January, 1864, to the date

of the report, being $38.85, amounting in the aggregate to $218.85, and also the costs and disbursements in this action to be adjusted according to law.

*Hand & Hale,* for the appellant. I. The referee erred in admitting evidence as to the value of services. 1. The complaint alleged only a special contract, and the proof should have been confined to the issue. (*Griggs* v. *Howe,* 31 *Barb.* 100. *Lawrence* v. *McCready,* 6 *Bosw.* 329. *Saltus* v. *Genin,* 3 *id.* 250.) 2. The value of the services was not disputed. It was agreed upon by both the plaintiff and the defendant at $80. They differed only as to the person to whom it was to be paid. Neither party had a right to introduce evidence to vary this.

II. The referee erred in allowing the plaintiff to amend his complaint by adding a new and distinct cause of action. 1. He had no power to allow such amendment. (*Code,* §§ 272, 173. *Woodruff* v. *Hurson,* 32 *Barb.* 557, 562. *Union Bank* v. *Mott,* 18 *How.* 506. *Gray, J. Everett* v. *Vendryes,* 19 *N. Y. Rep.* 439. *Fagen* v. *Davison,* 2 *Duer,* 153. *Cocks* v. *Radford,* 13 *Abb.* 207. *Saltus* v. *Genin,* 19 *How.* 233. *Whitcomb* v. *Hungerford,* 42 *Barb.* 177. *Woodruff* v. *Dickie,* 31 *How.* 164. *Walter* v. *Bennett,* 16 *N. Y. Rep.* 250.) 2. And if he had had the power, he should not have allowed the amendment. (*a.*) The contract set forth in the original complaint had not been objected to by the defendant as void under the statute. (*b.*) The plaintiff knew all the facts of the case when he served his original complaint. It was not a case of surprise, but one of great *laches,* if the amendment were necessary. (*See Cocks* v. *Radford,* 13 *Abb.* 207; *Bulen* v. *Burdell,* 11 *id.* 381.)

III. The referee erred in holding the contract void under the statute of frauds. It is alleged by the plaintiff as a cause of action. The defendant does not object to it, on the ground that it is within the statute. Both parties rely upon it; and certainly it does not lie with the plain-

tiff, who sues upon it, to object to its validity. *(See Cozine v. Graham,* 2 *Paige,* 177; *Champlin* v. *Parish,* 11 *id.* 405, 408; *Harris* v. *Knickerbacker,* 5 *Wend.* 638; *Vaupell* v. *Woodward,* 2 *Sandf. Ch.* 143; *Lewin* v. *Stewart,* 10 *How.* 509.)

IV. The amount found due to the plaintiff was excessive. 1. Conceding the contract to be void under the statute, as to its duration, it controlled, or at least limited, the measure of damages. Both parties conceded that the price agreed upon between the plaintiff and the defendant was $80 for the full term. It certainly was not the defendant's fault that the term was not served out. And it is well settled that where services have been rendered under a void contract, the price mentioned in the contract regulates and limits the amount of the recovery. (*King* v. *Brown,* 2 *Hill,* 485. *Nones* v. *Homer,* 2 *Hilt.* 116. *See Wolfe* v. *Howes,* 20 *N. Y. Rep.* 197, 203; *Thomas* v. *Dickinson,* 2 *Kern.* 364; *Burlingame* v. *Burlingame,* 7 *Cowen,* 92.) 2. At any rate, the agreement between the parties after the services rendered were performed, as found by the referee, limited the amount to which the plaintiff was entitled to $80 and interest. 3. And the plaintiff, in his complaint, asked judgment for only $100, with interest from December 28, 1864. Judgment for a greater amount is erroneous. (*Corning* v. *Corning,* 2 *Seld.* 97, 105.)

V. Upon the evidence in the case, the referee should have found that the plaintiff had emancipated his son, by his acts and dealings with him, and that the son was entitled to receive, and had received pay for his services. Emancipation may be inferred from circumstances. No formal agreement is necessary. *(See Canover* v. *Cooper,* 3 *Barb.* 115, *and cases cited.*)

*T. Cunningham,* for the respondent. The facts found by the referee are abundant to support the judgment; and all the material findings of fact are fully supported and

authorized by the evidence. There was no dispute or issue on the trial, as to the fact of the plaintiff's minor son working for the defendant during the time found by the referee. The judgment should, therefore, be affirmed, unless the referee committed some error in receiving or excluding evidence offered, or in his conclusions of law upon the facts found. The first four findings are fully warranted by the evidence. To the *fifth* exception, that the referee found that the agreement between the parties was void, because not to be performed within a year, the statute is a sufficient answer. (3 *R. S. 5th ed.* 221, § 2. *Broadwell* v. *Getman,* 2 *Denio,* 87. *Shute* v. *Dorr,* 5 *Wend.* 204. *Drummond* v. *Burrell,* 13 *Wend.* 307.) The same answer may be made to the *sixth* and *seventh* exceptions; the *void* agreement could not control the *value* of the services, nor would it be proper or competent evidence to go to the jury. "When the agreement fixing the compensation is *void, it furnishes no evidence of value.*" (*Per Grover, J. in Erben* v. *Lorillard,* 19 *N. Y. Rep.* 302. *And disapproving, King* v. *Brown,* 2 *Hill,* 485.) Judge Denio, in *Erben* v. *Lorillard,* in referring to *King* v. *Brown,* says: "It is difficult to sustain the position upon any principle," and the dictum in *King* v. *Brown,* was accordingly *disapproved.* The *eighth* exception, which is that the referee found that the plaintiff was entitled to recover a greater sum than was claimed in the complaint, is frivolous. If the defendant had not appeared in the action, the plaintiff would have been limited to the amount demanded in his complaint; but the defendant having *answered* and proceeded to the *trial* of the cause on the merits, the plaintiff was entitled to recover what he *proved* himself entitled to, regardless of the amount demanded in the complaint. (*Code,* § 275. *Marquat* v. *Marquat,* 2 *Kern.* 341.) To the *ninth* exception, which is that the referee permitted the plaintiff to amend his complaint, by inserting a new cause of action, there are several answers: (1st.) The referee

had authority and power to allow the amendment by section 272 of the Code. This question has been passed upon at general term in this district. (*Van Ness* v. *Bush,* 22 *How. Pr.* 481.) (2d.) If no amendment had been made, the variance was immaterial. (*Code,* §§ 169, 170.) There was no allegation or pretense that the defendant had been misled. (*Catlin* v. *Gunter,* 10 *How.* 321. *S. C.* 1 *Kern.* 368.) When no proof is furnished that the party has been misled to his prejudice, the variance must be disregarded, and the pleadings may be amended to conform to the facts proved. (*Chapman* v. *Carolin,* 3 *Bosw.* 456. *Craig* v. *Ward.* 36 *Barb.* 377. *Relyea* v. *Beaver,* 34 *id.* 547.) (3d.) Where the facts are proved and the proper parties are before the court, it will give judgment according to the rights of the parties. (*Marquat* v. *Marquat,* 2 *Kern.* 339.) All the *material* evidence in this case on the part of the plaintiff, was received without objection, except some evidence as to the value of the minor's services. None of the exceptions to such evidence are therefore tenable. But if it were otherwise, the evidence of the defendant himself is abundant on the question of the value of the services of the minor, to support the referee's finding of the amount of damages. The referee found that the defendant never paid any thing to the plaintiff nor said minor, for said work, labor and services; to which finding no exception was interposed. No question of payment or partial payment therefore arises on this appeal.

*By the Court,* Bockes, J. The referee was undobtedly correct in holding that the agreement made between the defendant and the plaintiff's son, for the services of the latter thereafter to be performed, during a period of several years, was void by the statute of frauds, because not in writing. This precise point was decided in *Shute* v. *Dorr,* (5 *Wend.* 204.) In the case cited, the plaintiff put his son, then aged between fifteen and sixteen years, to live

with the defendant until he should arrive at the age of twenty-one years, to work on his farm; at the expiration of which time he was to pay the son $100, and to give him two new suits of clothes, and in the meantime to provide him with clothing, and to give him common schooling. The son continued with the defendant about three years and a half, when he left the defendant's employment. Thereupon the father brought an action, claiming to recover for work, labor and services, and had a recovery. The court, per SUTHERLAND, J. remarked that the special agreement was clearly void by the statute of frauds. The contract on the part of the defendant, was to pay $100 for the services of the plaintiff's son, when he became of age. The son was to serve the defendant for five years, and then the defendant was to pay the $100. It should, therefore, in order to bind the parties, have been evidenced by writings. To the same effect is the decision in *Drummond* v. *Burrell*, (13 *Wend.* 307.) It was also held in the former case, *Shute* v. *Dorr*, that the plaintiff had a right to recover upon the *quantum meruit* for the services of the son, without reference to the special agreement. (*Erben* v. *Lorillard*, 19 *N. Y. Rep.* 299.) It follows from these decisions, that in the absence of any new binding agreement between the parties relative to the services of the plaintiff's son, he could recover upon a *quantum meruit* for the services performed. But the referee finds in substance and effect, that in January, 1864, it was agreed between the parties, that if the son would enlist as a soldier in the United States service, he should be discharged from further service under the orginal oral agreement, and that the defendant would pay the plaintiff the $80, before agreed to be paid, the same as if he had continued to labor for the defendant for the full term; and that the son thereupon enlisted and went into the service of the United States, under such arrangement. Such must be deemed to be the agreement, considering the

Jones *v.* Hay.

finding of the referee in connection with the evidence on which such finding is predicated. This agreement, if in fact made, and we must here decree it established, was valid and binding on the parties. The defendant's promise to pay the $80, had a good consideration, the liquidation of an existing claim, and the enlistment of the plaintiff's son. The agreement was in no respects illegal. It covered and disposed of any claim the plaintiff could have against the defendant, for the services of his son, which claim, was merged in the new contract. The son volunteered as a soldier, according to the arrangement. Thus the contract was fully performed on the part of the plaintiff and his son; and payment of the $80 by the defendant, alone remained as a just debt to be satisfied by him. In this view of the case, the referee was in error in directing a recovery for a sum exceeding eighty dollars and interest; and the judgment should be reduced accordingly, or reversed. If my associates agree with me in my conclusion above expressed, ample justice may be done by a reduction of the judgment, without a new trial, for the recovery must rest on the agreement above stated, made at the time the plaintiff's son enlisted into the United States service; and if that agreement be taken as the basis of a recovery, the admission of the evidence as to the value of the services, and the error of the referee, (if an error,) in permitting the amendment of the complaint, could not by any possibility work an injury to the defendant. My conclusion, therefore, is that the amount found due by the referee should be reduced to $80, and interest from May 18, 1864; and that with such reduction and modification, the judgment should be affirmed, without costs of appeal to either party.

[St. Lawrence General Term, October 6, 1868. *James, Rosekrans, Potter* and *Bockes*, Justices.]