OSCAR TYLER, Respondent, *v.* WALTER S. CHURCH et al., Appellants.

(Argued January 18, 1873; decided March term, 1873.)

THIS action was in effect for the specific performance of an

alleged contract between plaintiff and defendant Church for the conveyance of certain leases.

On the 21st of July, 1853, plaintiff and defendant Church entered into a written agreement with Stephen Van Rensselaer, whereby Van Rensselaer agreed to sell to them a large number of durable leases. On the 1st of August, 1853, they made another similar agreement. On the 2d of December, 1854, plaintiff verbally sold out his interest in the contracts to defendant Church; Church to pay plaintiff $25,000 for his interest, and repay $4,500 he had advanced thereon. The $4,500 was paid about the time of making the contract. At or near the same time, it was agreed between them that plaintiff should continue in the business of collecting the rents for Church for two years, for $1,000 a year cash, and five leases, including the four in controversy. Plaintiff worked for Church five years. On the 2d of April, 1855, plaintiff, pursuant to the verbal agreement, assigned his interest in the two contracts, by him and Church with Van Rensselaer, to Church. Church subsequently delivered one of the leases to plaintiff. On the 2d of February, 1860, plaintiff and defendant Church settled, when (not including the four leases) a balance was found due plaintiff of $28,085.88, for which Church gave his note, indorsed by his brother, secured by hypothecation of some thirty leases; two payments which had been made on two of the four leases, with interest, being allowed plaintiff, and included in the notes. At the same time Church delivered to plaintiff a written order addressed to Van Rensselaer, reciting an agreement between plaintiff and Church, that said leases and rents, should be conveyed to plaintiff, and asking and directing Van Rensselaer to convey them to him. On the 1st of March, 1862, Van Rensselaer, on one side, and Church, with defendants Kidd and Cagger upon the other, made a written agreement by which it was agreed that there remained due Van Rensselaer $150,000 upon *said* contracts between Van Rensselaer and Church; and Van Rensselaer, in consideration of $150,000, $75,000 of which was paid

down, agreed to "extend and continue *said* contracts," and the time for payment of balance of $75,000 "due *thereon* as aforesaid." Van Rensselaer agreed, upon payment of the balance, to grant and convey said leases "in pursuance of *said* contracts;" Kidd and Cagger agreed, in consideration of *said* extension and other considerations, to pay the balance of $75,000, etc. Kidd and Cagger subsequently agreed with Church that he should have the residuum after they realized a certain sum and interest, which, in March, 1862, was $259,500. That there would be a residuum was undisputed; it was estimated at above $100,000. On the 28th of April, 1862, Church countermanded his order to Van Rensselaer to convey the four leases to plaintiff. On the 30th of April, 1864, Van Rensselaer conveyed a large number of leases, including the four in controversy, to Kidd and Cagger; neither of whom then knew of plaintiff's claims thereon or therefor.

Defendants claimed the parol agreement void by the statute of frauds; that the subsequent written assignment by plaintiff to Church merged the parol agreements, and could not be varied by them; and that, as to defendants Kidd and Cagger, they were *bona fide* purchasers of the leases, and were unaffected by plaintiff's claim.

The referee, as conclusion of law, found that Kidd and Cagger were entitled to the four leases, unless they should receive the full amount which may be coming to them from the others. That said leases should be considered a part of the residuum if there should be one, and in case there should, then that they should be conveyed to plaintiff, or if not sufficient for all, then the portion of them which should represent the residuum, etc.

Judgment was entered accordingly.

*Held*, no error; that plaintiff having fully performed the agreement on his part, Church could not avail himself of the statute of frauds; that the written assignment did not affect the parol agreement for plaintiff's services, as it was the intent that all the leases should be assigned to Church, and plaintiff only became entitled to the four in question by

a subsequent performance of his contract to work for two years, and that defendants Kidd and Cagger were fully protected by the judgment, and had no grounds for complaint, as it was immaterial to them whether the residuum was paid to Church or plaintiff.

*Samuel Hand* for the appellants.

*N. C. Moak* for the respondent.

EARL, C., reads for affirmance.
All concur; REYNOLDS, C., not sitting.
Judgment affirmed.