CLARENCE VAN VALKENBURG, RESPONDENT, *v.* FRANKLIN R. CROFFUT, APPELLANT.

*Contract, void by statute of frauds — recovery after performance of — limited to compensation agreed upon.*

Where a party enters into a verbal agreement to work for another for a number of years for a certain compensation, to be paid at the end of the time specified, and fully performs such contract on his part, he cannot repudiate such contract, on the ground that it was void under the statute of frauds, and maintain an action to recover the value of the services rendered; he can only recover the compensation agreed upon.

APPEAL from a judgment of the County Court of Broome county in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

*Edward K. Clark*, for the appellant. The contract was executed, and so became an executed contract, making all its terms binding. (*Dodge* v. *Crandall*, 39 N. Y., 294, at pp. 303, 304; *Thomas* v. *Dickinson*, 12 N. Y. [2 Ker.], 364, 371; *Westfall* v. *Parsons*, 16 Barb., 649; *Emmet* v. *Reed*, 8 N. Y. [4 Seld.], 312; *Talmadge* v. *Ren. & S. R. R.*, 13 Barb., 498, 499; *Bartholomew* v.

*Finnemore,* 17 id., 428, 430; Story on Contracts, § 61 [old ed.]; *Stone* v. *Dennison,* 13 Pick., 1.) The contract price is the measure of damages for all services rendered under the contract. (*Clark* v. *Gilbert,* 32 Barb., 584; *Lisle* v. *Sherman,* 25 id., 433; *Thomas* v. *Dickinson,* 12 N. Y., 364, 371, and cases cited above; *Taggard* v. *Rosevelt,* 8 How., 144; *Schuyler* v. *Legget,* 2 Cow., 660; *The People* v. *Rickart,* 8 id., 326; *McGlouchy* v. *Bitter,* 1 E. D. Smith, 618; *Maltby* v. *Harwood,* 12 Barb., 473.)

*Penrie & Wales,* for the respondent. The agreement under which this work was done was verbal and not in writing, and by the terms of it was not to be performed within one year. It was therefore void by the statute of frauds. Evidence as to the value of the plaintiff's services was therefore competent. (*Shute* v. *Dorr,* 5 Wend., 204; *Jones* v. *Hay,* 52 Barb., 501; *Day* v. *N. Y. C. R. R. Co.,* 51 N. Y., 590; *Bartlett* v. *Wheeler,* 44 Barb., 165; *Broadwell* v. *Getman,* 2 Denio, 90, 91.) When the agreement fixing the compensation is void, it furnishes no evidence of value. The position of the parties is the same, in a legal view, as though no agreement as to the amount of compensation had been made in fact, as there had been none in law. (*Erben* v. *Lorillard,* 19 N. Y., 302; *Hobbs* v. *Wetherwax,* 38 How., 389; *Galvin* v. *Prentice,* 45 N. Y., 162; *Turnow* v. *Hotchstader,* 7 Hun [14 Sup. Ct. R.], 81; *Shute* v. *Dorr,* 5 Wend., 208.)

LEARNED, P. J.:

When the plaintiff was about eleven years of age, his father made a verbal agreement with the defendant, that the plaintiff should live with him till he was twenty-one. The plaintiff was to work for the defendant, and was to be clothed and sent to school. The defendant was to take a calf belonging to the plaintiff, and was to deliver him a cow, when he arrived at twenty-one. At that time, also, according to the varying testimony, the defendant was to pay the plaintiff fifty dollars, or one hundred dollars, or two hundred dollars, or nothing. When the plaintiff arrived at twenty-one, the defendant gave him the cow, and refused to pay him any money. This action is brought to recover the value of the plaintiff's services.

The plaintiff insisted on the trial that the contract was void, under the statute of fraud, and that therefore, he was entitled to recover the value of the services. On the trial the court charged that the contract was void by the statute, and that the defendant became liable to pay to some one the value of the plaintiff's services, deducting whatsoever would be proper for his board, etc. And he also left it to the jury to find from the circumstances, whether or not the father gave up to the son the right to receive his wages. He charged that if the father did not give up this right to the plaintiff, the plaintiff could not recover. That if he did, the plaintiff might recover for his services, deducting as above stated.

The defendant asked the court to charge that, if the jury found that there was an agreement between the defendant and the plaintiff's father, that the plaintiff was not to be paid any money, then he could not recover. And, also, that if they found that there was a specified sum agreed upon between the plaintiff's father and the defendant, to be paid to the plaintiff, then he could recover only that sum. Each of these requests was refused and exception taken.

The question principally argued on this appeal relates to the statute of frauds. By the defendant it is insisted that, though the verbal agreement was void under the statute, yet that it was performed on the plaintiff's part; and hence that the price fixed by the agreement was the price to be paid for the work and services performed under it. By the plaintiff it is insisted that, as the agreement was void by the statute, although the work and services were performed under the agreement, yet that he can recover on a *quantum meruit*, and is not bound by the contract-price. An oral contract for the sale of land is void. Yet if the vendor subsequently convey, and the purchaser accept the conveyance, the purchaser is liable to pay, not on a *quantum meruit*, but the contract price. (See *Pulbrook* v. *Lawes*, 16 Eng. Rep. [Moak's Notes], 347 note; *Tyler* v. *Church*, 54 N. Y., 632; *Bowen* v. *Bell*, 20 Johns., 338; *Thomas* v. *Dickinson*, 12 N. Y., 364, etc.) The contract is no longer liable to any objection under the statute of frauds. The same principle applies in this case. The oral contract in question was void, because it was not to be performed within one year. But the party who contracted

to render the services, has in fact fully rendered them under the contract, and the other party has accepted them. The contract then has been actually treated by the parties as valid, until all has been done by the plaintiff which he was to do. And this has been with the consent of the defendant. He is then liable to pay for the services rendered according to his agreement. "The effect of the statute," in the language of Judge RAPALLO, "is not to make a different contract between them." (*Galvin* v. *Prentice*, 45 N. Y., 162.) Every act was done *under the contract;* and when all had been done by the plaintiff, and accepted by the defendant, there was a re-adoption of the terms of the original contract. (*Thomas* v. *Dickinson, ut supra,* p. 371.)

It is thought by the plaintiff that there are cases in conflict with this view. They will be found to be cases where there was only a partial performance of a void contract and a refusal to perform fully. In *Shute* v. *Dorr* (5 Wend., 204), there was an oral contract that a child sixteen years of age should serve until he was twenty-one for a specified sum. He left before that time. Of course, there could be no recovery on the contract. A recovery was had on a *quantum meruit.*

In *Jones* v. *Hay* (52 Barb., 501), there was a similar oral agreement, which was in like manner not fully performed. The recovery was on the *quantum meruit.*

In *Bartlett* v. *Wheeler* (44 Barb., 165), the defendants orally agreed to deliver sheep four years from the time of the contract, and they refused altogether to perform. There had been no ratification by them of the oral contract after it was made. In that case, the question is discussed whether the case is within the statute, where the agreement, at the time of making it, is wholly executed by the plaintiff and executory on the part of the defendant. And it was held that such an agreement was within the statute. But that is not the present case. Here the agreement was to be performed by the plaintiff, and on its complete performance by him the defendant was to pay a fixed sum therefor. After making the agreement, the plaintiff performed fully and the defendant accepted full performance; and the only question is, whether we are to disregard the price fixed by the oral contract, and to turn the parties over to an imaginary agreement to pay *quantum meruit.*

It is certainly not immoral that parties should perform their oral contracts.

The plaintiff also relies on the case of *Erben* v. *Lorillard* (19 N. Y., 302). And there are expressions in one of the opinions which, to be understood, must be taken in connection with the facts of the case. The plaintiff in that case sued the defendant to recover compensation for services. He gave evidence tending to show that the defendant orally promised, in consideration of the services, to lease certain property to the plaintiff for a term of twenty-one years. And he gave in evidence the value of such lease. This was held to be error. Now, on the most favorable view for the plaintiff, this was an oral contract to lease to him land for twenty-one years, for which he had paid the consideration. But where there is an oral agreement to sell land, and the purchaser pays the full price, if the vendor refuses to convey, the purchaser cannot sue on the agreement. He can recover only what he has paid. He cannot recover the value of the land, and, therefore, the value should not have been proved in the case cited. On the other hand, as we have already seen, if the vendor chooses to perform the contract, and gives a deed, which the purchaser accepts, the purchaser must pay the price agreed upon.

In the case of *Abbott* v. *Draper* (4 Denio, 51), there was an oral contract for the purchase of land. After the purchaser had made some payments in goods under the contract, he sued the vendor for the value of the goods. That is, he repudiated the contract as void, and sought to recover the value on a *quantum meruit*. But the court said that " as long as the vendor was ready to perform the contract on his part the vendee could not recall the payments which he had made under the agreement." " Every time a payment was made and received the parties virtually said, although the law will not enforce this contract, we will go on and carry it out." This language is quoted and approved in *Thomas* v. *Dickinson* (*ut supra*) ; and see *Galvin* v. *Prentice* (*ut supra*). Now, if we apply the principles to the present case, it may be said that every time that the plaintiff rendered and the defendant accepted services, they virtually said they would go on and carry out the contract. Thus they affirmed it down to the very last act done under the same; leaving nothing

unperformed but a promise to pay for past services. And it will further be seen by this case of *Abbott* v. *Draper*, and similar cases, that one party is not allowed to repudiate the contract as void and sue on a *quantum meruit*, until the other party is in default. He cannot treat a contract as void, under the statute of frauds, which the other party is willing to treat as valid. The default of the defendant is necessary to give the plaintiff an action as on a *quantum meruit*.

Now, in the present case, the defendant has not made default or refused to carry out the oral contract. But the plaintiff himself, by his complaint, instead of suing on the oral contract, has sued on the *quantum meruit* for his services. Thus the plaintiff is the first to repudiate the oral contract, which the defendant has never refused (so far as appears) to carry out, and which he now sets up in his answer. (See *Galvin* v. *Prentice, ut supra*, at p. 164, 165.) That this was the ground taken by the plaintiff appears not only by the pleadings, but by the language of the court in its charge, and by the case generally.

We think, therefore, that the court erred in this view of the law. That as the plaintiff has performed, or claims to have performed the contract fully, and the defendant has never treated it other than as void, a recovery, if at all, must be on the contract, and not for the value of the services. It is not necessary to express any opinion on the question whether there should be, or can be, an amendment of the pleadings.

The judgment and order should be reversed and a new trial granted, costs to abide event.

Present—LEARNED, P. J., and BOARDMAN, J. MARTIN, J., not sitting.

Judgment reversed, new trial granted, costs to abide event.