### LANGER v. KAUFMAN et al.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. PLEADING ⬅➡129(2)—ADMISSION BY FAILURE TO DENY.
    In an infant's action to recover for wages, an answer, failing to deny an allegation of the complaint as to plaintiff's rendition of services and defendant's claim to pay therefor, admitted it.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 271, 273; Dec. Dig. ⬅➡129(2).]

2. PARENT AND CHILD ⬅➡6—WAGES OF MINOR—ACTIONS—JUDGMENT.
    In an infant's action for $30, claimed to be due for wages, where the answer admitted that between those dates plaintiff rendered services for defendants for which they agreed to pay him $9 per week, and where a separate defense alleged that between October 3d and October 18th plain-tiff performed work to the value of $21, and that defendants had ten-dered that amount, less $14.07 due to defendant, and where a check given plaintiff for wages for the week immediately before October 3d, and which came back from the bank unpaid, was admitted without objection, plaintiff was entitled on the pleadings and evidence to judgment for at

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

least $15.93, the difference between the $30 and the amount of the counter-claim.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 77–85; Dec. Dig. ☞6.]

3. **DISMISSAL AND NONSUIT** ☞75—**DISMISSAL WITHOUT PREJUDICE.**

In such case, the trial justice, if dismissing on the ground that there was no allegation or proof that the plaintiff infant was emancipated, should have dismissed "without prejudice."

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 169; Dec. Dig. ☞75.]

4. **PARENT AND CHILD** ☞5(2)—**WAGES OF MINOR—STATUTE.**

Under Domestic Relations Law (Consol. Laws, c. 14) § 72, providing that, where a minor is in the employ of one other than his parent, etc., payment to such minor is valid, unless such parent, etc., notify the employer in writing within 30 days after commencing such service that the wages are claimed by such parent, etc., and that whenever such notice is given payments to the minor shall not be valid for services, rendered thereafter, title to wages earned by a minor, in the absence of such notice, vests, as against the employer, in the minor, and, whether he has been emancipated or not, would be immaterial in an action for his wages by his father or guardian, as payment to him would be binding as against the father, even if the father had a right to claim from him the money so paid to him.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 71; Dec. Dig. ☞5(2).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Nathan Langer, an infant, by Michael Langer, his guardian ad litem, against Bernard Kaufman and another. From a judgment entered in favor of the defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Benjamin Koenigsberg, of New York City, of counsel, for appellant.

Benjamin Cohen, of New York City, of counsel, for respondents.

LEHMAN, J. The plaintiff, an infant, brought an action for the sum of $30 for wages which he claims were due him for work rendered between September 26, 1915, and October 18, 1915.

[1] The answer denies that this amount is due, but it admits, by failing to deny, the allegation contained in the complaint:

"That between September 26, 1915, and October 18, 1915, the plaintiff rendered certain work, labor, and services for the defendants, for which the defendants agreed to pay him his wages, the sum of $9 per week."

The answer, in addition to the denial of the amount due and a denial of an immaterial allegation contained in the complaint, "that the defendants were copartners doing business as the Gold Medal Handkerchief Manufacturing Company," sets up a so-called separate defense and a counterclaim. The separate defense alleges that between October 3, 1915, and October 18, 1915, plaintiff performed certain

services amounting to the value of $21, and that the defendants have tendered that sum to the plaintiff, less the amount of $14.07, which is due to the defendants.

[2] It is to be noted that under the so-called separate defense the defendants admit liability for wages for two weeks and two days from October 3d at the rate of $9 per week. At the opening of the case the plaintiff's counsel stated:

"I have a check that was given plaintiff for his wages for the week immediately before October 3d, which check came back from the bank. Not having been paid, the entire amount of the plaintiff's demand is admitted."

This statement was not objected to. The check was offered in evidence and admitted without objection. The plaintiff then rested. The defendant thereupon moved to dismiss on the ground that:

"The plaintiff cannot maintain an action for wages. An infant is not entitled to maintain an action unless he has been emancipated."

The trial justice denied this motion, and the parties then litigated the issues raised by the defendant under their counterclaim. At the close of the case the defendant again moved to dismiss the complaint, on the ground that the plaintiff has not alleged or proven emancipation. The court reserved decision on the entire case, and then rendered judgment "after a trial of the issues" for the defendant. That judgment is clearly incorrect. The material allegations of the complaint stand admitted, and even if we assume that upon the evidence presented the trial justice decided in favor of the defendant on the counterclaim, the plaintiff would still be entitled to judgment for the sum of $15.93, since the counterclaim is only for $14.07.

[3] The defendant however, claims that the trial justice dismissed the complaint on the ground that there is no allegation or proof that the infant was emancipated. If the trial justice decided the case on this ground, he should have dismissed "without prejudice"; but certainly he could not give judgment on the merits after a trial of the issues.

[4] Moreover, even a dismissal of the complaint on this ground would be erroneous. The defendants rely for authority on the case of Shute v. Dorr, 5 Wend. 204. That case represents the common-law rule that a parent is always entitled to a minor son's earnings unless he has emancipated the son. The rule, however, was to some extent modified by chapter 266 of the Laws of 1850, now section 72 of the Domestic Relations Law. That statute provides that:

"Where a minor is in the employment of a person other than his parent or guardian, payment to such minor of his wages is valid, *unless such parent or guardian notify the employer* in writing, within thirty days after the commencement of such service, that such wages are claimed by such parent or guardian, but whenever such notice is given at any time payments to the minor shall not be valid for services *rendered thereafter*."

It seems to me quite clear that under the terms of this statute title to wages earned by a minor under a contract of service, unless notice is given within 30 days by the parent, vests *as between the employer and the employé* in the employé, and the parent or guardian can thereafter by notice obtain title only to those wages earned thereafter. In

the present case the plaintiff entered into service of the defendant 6 months before the action was brought. He signed the contract and he received the wages. Whether he has been emancipated or not is immaterial in this action, for payment to him by the defendant would be binding under the statute as against the father, even if the father still has a right to claim from the son moneys paid to him.

Judgment should therefore be reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.