(42 App. Div. 372.)

WATSON v. KEMP.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

FRAUDULENT CONVEYANCES — PROPERTY PURCHASED WITH WAGES OF MINOR CHILD.

In the absence of notice from a parent to the employer of a minor child that he claims the wages of such minor, as provided by Laws 1896, c. 272, § 42, the wages belong to the child; and property purchased by a mother with money furnished by the child from his wages is not liable for the debts of the child's father.

Appeal from trial term, Essex county.

Action by John H. Watson against Lucretia Kemp to subject certain property to the payment of a judgment against Elijah S. Kemp. There was a decree for the defendant, and the plaintiff appeals. Affirmed.

The action is in the nature of a creditors' bill, by which the plaintiff, a judgment creditor of Elijah S. Kemp, with execution returned unsatisfied, seeks to enforce his judgment out of lands the title to which is in the respondent, but the consideration for which, the complaint alleges, was furnished by the judgment debtor, the respondent's husband, with the intent by him and the respondent to place it beyond the reach of his creditors.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Francis E. Smith, for appellant.
A. W. Boynton, for respondent.

LANDON, J. The evidence is not very satisfactory, but there is enough to sustain the finding of the trial court that the judgment

debtor, Elijah S. Kemp, did not pay or furnish to be paid any portion of the consideration of either of the two lots. The trial court further found that the money was paid by the grantee in the deeds, Lucretia Kemp, and was furnished to her for that purpose from time to time by the minor son of Elijah S. and Lucretia Kemp, from his gains and earnings while he was a minor, boarding with his said parents without charge for board, and working as clerk and stenographer for wages in the employment of J. & J. Rogers; that the son made his own contracts with his employers, and was paid by them; and that none of his wages or other income was ever claimed by his father, or came into his possession. It appears that, without challenge or remark, the father permitted his son to act for himself, and earn and make what money he could.

The plaintiff contends that such money was the father's, and, as it can be traced to the lots bought, in the name of the mother, at a time when the father was indebted to the plaintiff, to the knowledge of the mother, in the sum for which the plaintiff has since obtained judgment against the father, that the inference of fraudulent intent follows, and that, as the plaintiff's equity is better than the mother's, he can enforce his judgment by recourse to the lots, in default of the wife's protecting them by paying the judgment. Only a small part of the consideration was paid at the time of the conveyances, but the greater part was paid later. The learned counsel for the plaintiff disclaims reliance upon the statute, which provides that:

Where the grant is to one, and the consideration paid by another, "every such conveyance shall be presumed fraudulent as against the creditors at the time of the person paying the consideration; and where a fraudulent intent is not disproved a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands." 1 Rev. St. p. 728, §§ 51, 52.

We need pass only upon the single question whether the money obtained by the minor son, and furnished to his mother, and by her paid upon the lots, was the father's money. The general rule is that the father, in consideration of his obligation to support his minor child, is entitled to the wages the latter may earn in the service of another. The father can waive that right, either by emancipation or by consent, and thereupon the child becomes entitled to his own services and wages. The intention of the father to emancipate his child, or to consent to his receiving his own wages, may be inferred from circumstances indicating satisfactorily such intention. Shute v. Dorr, 5 Wend. 204; Canovar v. Cooper, 3 Barb. 115; Maltby v. Harwood, 12 Barb. 475. Before the statute of 1850, hereafter quoted, it was sometimes difficult to determine whether the right of action for the minor's wages remained in the father or had become vested in the child. Chapter 266, Laws 1850 (chapter 272, § 42, Laws 1896), was evidently intended to remove to some extent the liability to doubt and to conflicting claims respecting the earnings of a minor child. This provides that:

"It shall be necessary for the parents or guardians of such minor children as may be in service to notify the party employing such minor, within thirty days after the commencement of such service, that said parent or guardian

claims the wages of such minor, and in default of such notice payment to such minor shall be valid."

In the absence of notice by the father, the payment to the minor was valid, and his title to the money was valid. The father neither acquired the possession nor right of possession of these wages, and they never were his. See Stanley v. Bank, 115 N. Y. 122, 22 N. E. 29. As to whatever moneys the minor gained by purchases of property and sales at a profit, the father never had any title. Banks v. Conant, 14 Allen, 497.

Judgment affirmed, with costs. All concur.